FILED

2015 Feb-23  PM 04:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RASHEDA DIAL, | } | |
| | } | |
| Plaintiff, | } | |
| | } | CIVIL ACTION NO. |
| v. | } | |
| | } | 2:14-cv-663-WMA |
| MIDLAND FUNDING, LLC, and | } | |
| MIDLAND CREDIT MANAGEMENT, | } | |
| INC., | } | |
| | } | |
| Defendants. | } | |

## MEMORANDUM OPINION

On January 15, 2015, the magistrate judge entered a report and recommendation (Doc. 26) in this action, in which he recommended that the court grant in part and deny in part the motion to dismiss (Doc. 17) filed by defendants Midland Funding, LLC, and Midland Credit Management, Inc. (collectively "Midland"). Midland objected to the report and recommendation on January 29, 2015. (Doc. 28). The clerk randomly selected the undersigned judge to review the objections to the report and recommendation.

When a party objects to a magistrate judge's report and recommendation, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (2012). The portions of the report and recommendation from which no objection is taken are reviewable only for clear error. *Macort v. Prem, Inc.*, 208 Fed. App'x 781, 784 (11th Cir.

1

2006). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Midland has objected to the magistrate judge's refusal to dismiss five counts of plaintiff Rasheda Dial's amended complaint. Each of these counts will be discussed in turn. The court has reviewed the portions of the report and recommendation from which Midland did not object and finds no clear error to be present.

## A. Count One - Violation of 15 U.S.C. § 1692d

Section 1692d of the Fair Debt Collection Practices Act states that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d (2012). In her amended complaint, Dial alleges that Midland brought suit against her in state court to collect a debt that Midland knew Dial did not owe, Midland did not own, and was time-barred. Midland allegedly pursued the action solely in hopes of obtaining a default judgment — it provided its collection counsel with no witnesses or evidence to prove its case. When Dial did not default, she summarily obtained a verdict in her favor. According to Dial, Midland's use of these tactics is widespread, and Midland has been sued for this conduct many times under the FDCPA.

The magistrate judge recommended that Midland's motion to dismiss this count be denied, finding these allegations to

2

sufficiently state a claim under § 1692d. Midland objected to this recommendation, primarily on two grounds: (1) Midland simply filed a collections suit, which is not actionable under § 1692d; and (2) the magistrate judge improperly accepted conclusory allegations as true.

As to the first contention, Midland has made such an argument before nearly every judge of this district, and its position has been unanimously rejected. *See Millican v. Midland Funding, LLC*, No. 4:09-cv-1206-JEO, *7-8 (N.D. Ala. Dec. 2, 2009); *Morgan v. Midland Funding,* LLC, No. 2:12-cv-3846-RDP, *2 (N.D. Ala. Jan. 4, 2013); *Wood v. Midland Funding, LLC*, No. 2:12-cv-2703-KOB, 2013 WL 360146, *3 (N.D. Ala. Jan. 29, 2013); *Vinson v. Midland Funding, LLC*, No. 2:12-cv-4187-VEH, 2013 WL 625111, *2 (N.D. Ala. Feb. 20, 2013); *Gamble v. Midland Funding, LLC*, No. 2:12-cv-4186-AKK, 2013 WL 979202, *2 (N.D. Ala. Mar. 7, 2013). The undersigned will add his name to the list. As held in these cases, Dial has alleged additional conduct besides the mere filing of a lawsuit — primarily that, for multiple reasons, Midland knew the lawsuit was baseless when the suit was filed and, even if meritorious, had no intention of proving its case. This additional conduct could reasonably be expected to harass, oppress, or abuse Dial, so the allegations are sufficient.

Second, Midland argues that the magistrate judge improperly accepted conclusory allegations as true, in contravention of the

3

standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)
and *Ashcroft v. Iqbal*, 556 U.S. 662 (2008). This court finds
Midland's contention to be meritless. First, Midland claims that
the court cannot accept Dial's allegations that Midland knew that
it did not own and that Dial did not owe the alleged debt.
According to Midland, the court should look to the record of the
state-court collections action to show that these allegations are
conclusorily untrue. While judicial notice of documents in state-
court litigation may sometimes be appropriate when resolving a
motion under Rule 12(b)(6), *see U.S. ex rel. Osherhoff v. Humana,
Inc.*, No. 13-15278, 2015 WL 223705, *5 n.4 (11th Cir. Jan. 16,
2015), such notice is not appropriate in this case. Midland is
essentially seeking to introduce evidence to contradict Dial's
allegations — which is improper at the 12(b)(6) stage — by
masquerading such evidence as a showing of the conclusory nature of
the allegations. These allegations, however, are not conclusory;
they are as specific as can be expected of a plaintiff who, without
benefit of discovery, pleads the defendant's mental state. The
allegations will of course later need to be proven, but the court
will impose no further burden at this stage.

Midland also argues that Dial did not allege sufficient facts
to show that the state-court action was time-barred because she did
not allege when the claim accrued or the applicable statute of
limitations. This court will not require Dial to prove at this

4

stage that the suit was actually time-barred; that burden will come later.

Finally, Midland is correct that Dial's two positions — (1) she did not owe the debt; and (2) the debt was time-barred — are inconsistent; since there is no right to collect a debt not owed, such a right cannot be time-barred. Dial, however, need not elect between these alternative theories without benefit of discovery. Accordingly, the court ACCEPTS the magistrate judge's recommendation that Midland's motion to dismiss be denied as to count one.

**B. Count Five - Violation of 15 U.S.C. § 1692e(5)**

Title 15, section § 1692e(5) prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." Some courts, including the magistrate judge in this action, have concluded that "[s]ection 1692e(5) protects consumers against debt collectors that actually complete illegal acts as well as against debt collectors who merely threaten to complete those acts." *Bradshaw v. Hilco Receivables, LLC*, 765 F. Supp. 2d 719, 730 (D. Md. 2011); *see also Poirier v. Alco Collections, Inc.*, 107 F.3d 347, 350-51 (5th Cir.1997); *Collins v. Erin Capital Mgmt., LLC*, 991 F. Supp. 2d 1195, 1211-12 (S.D. Fla. 2013). According to these courts, "[i]t simply strains credulity to

believe that the FDCPA, a law that safeguards consumers from abusive and deceptive debt collection practices by debt collectors, would prohibit threats of illegal action but not the illegal actions themselves . . . . To find otherwise would undermine the consumer protection goals of the FDCPA." *Bradshaw*, 765 F. Supp. 2d at 730 (internal citations omitted). Other courts, however, have found that § 1692e(5) applies only to threats and not actions, a position that Midland now advances. *See, e.g.*, *Cox v. Hilco Receivables, LLC*, 726 F. Supp. 2d 659, 666 (N.D. Tex. 2010); *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 508, 519-20 (S.D.N.Y. 2013).

This court finds the latter view to be persuasive. "Interpretation of a statute begins 'with the language of the statute itself.' As a general rule, if the language of the statute is plain, then our interpretative function ceases and we should 'enforce [the statute] according to its terms.'" *In re Griffith*, 206 F.3d 1389, 1393 (11th Cir. 2000) (quoting *United States v. Ron Pair Enters.*, 489 U.S. 235, 241 (1989)). Section 1692e(5), by its plain language, only applies to threats — it says nothing of other actions. Indeed, "none of [the cases applying § 1692e(5) to actions] suggest that the plain meaning of the statute prohibits anything other than threats. These courts' conclusion that the plain meaning must be rejected is based on their view that Congress's chosen language would result in 'futility.'" *Okyere*, 961

F. Supp. 2d at 519 (quoting *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235, 1247 (W.D. Wash. 2006)).

The plain meaning of § 1692e(5) should not be so easily discarded. The courts applying the broader view have found it "illogical to read the FDCPA to condemn the mere threat to file a lawsuit that could not be legally instituted, but actually permit the filing of illegal lawsuits." *Balthazor v. Sec. Credit Serv., LLC*, No. 11-60867-CIV, 2012 WL 171097, *5 (S.D. Fla. Jan. 20, 2012); *see also Dial v. Midland Funding, LLC*, No. 2:14-cv-663-TMP, *16 (N.D. Ala. Jan. 15, 2015) (Doc. 26) ("It falls outside the realm of common sense for a statutory system to protect against *threatened* illegal acts while failing to provide recourse for *acts actually committed*."). This court, however, finds several potential justifications for Congress's omission of actions from § 1692e(5). First, "Congress might have decided that actual violations of law would be protected by state tort law and processes whereas threats, which are often not prohibited as vigorously by state tort or statutory law, required special protection." *Okyere*, 961 F. Supp. 2d at 519. Indeed, in this case, Dial can proceed while asserting 12 causes of action, both of federal and state law, all concerning the exact same conduct. Because Dial is already provided with a potential remedy, there is simply no reason to "shoehorn a claim under subsection (5) where a debt collector merely acts to collect on a debt but never makes either an explicit or implicit threat."

*Thompson v. CACH, LLC*, No. 14 CV 0313, 2014 WL 5420137, *4 (N.D. Ill. Oct. 24, 2014).

Further, Congress could have viewed threats as posing a distinct type of harm and requiring a specific prohibition. "Distinct from the other types of prohibited conduct contained in § 1692e, threats in and of themselves are harmful conduct because they cause consumers to fear that debt collection efforts may be in the offing. It is this emotional harm and its attendant consequences that animate § 1692e(5), not what unfolds following the taking of a debt collection action." *Id.*

Lastly, the language of § 1692e(5) did not result from a simple drafting error. "Elsewhere in the FDCPA, Congress was explicit when it intended to prohibit both threats to act and actually acting. That Congress did not do the same thing in § 1692e(5) confirms that Congress intended that provision to prohibit only threats, not actions." *Bravo v. Midland Credit Mgmt., Inc.*, No. 14 C 4510, 2014 WL 6980438, *3 (N.D. Ill. Dec. 9, 2014) (internal citations omitted).

Dial does not allege that Midland threatened her with illegal or unintended action, but only that it took illegal action. Therefore, she cannot state a claim under § 1692e(5). Accordingly, this court REJECTS the magistrate judge's recommendation that Midland's motion to dismiss be denied as to count five. The motion will be granted, and the count will be dismissed.

8

**C. Count Nine - Violation of 15 U.S.C. § 1692f**

Title 15, section 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Midland does not argue that the alleged conduct does not rise to the level of a § 1692f violation. Instead, Midland cites an army of district court cases for the proposition that "a claim under § 1692f must be based on conduct either within the listed provisions [a non-exhaustive list of acts violating § 1692f], or be based on conduct which falls outside of those provisions, but which does not violate another provision of the FDCPA." *Winberry v. United Collection Bureau, Inc.*, 697 F. Supp. 2d 1279, 1292 (M.D. Ala. 2010). According to these courts, "Section 1692f 'serves a backstop function, catching those "unfair practices" which somehow manage to slip by §§ 1692d & 1692e,'" *Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 878 (S.D. Tex. 2011) (quoting *Edwards v. McCormick*, 136 F. Supp. 2d 795, 806 (S.D. Ohio 2001)), so plaintiffs should not be permitted "to bootstrap a § 1692f claim onto a claim of an alleged § 1692d [or other FDCPA] violation," *Eslava v. AllianceOne Receivables Mgmt., Inc.*, No. 12-0425-WS-N, 2012 WL 4336012, *4 (S.D. Ala. Sept. 20, 2012).

From these cases, Midland argues that Dial cannot assert a § 1692f claim because the claim is only based upon alleged conduct that violates other FDCPA provisions. The magistrate judge refused to apply this standard, and this court will do the same. As

recognized by the magistrate judge, the Eleventh Circuit has not adopted Midland's proposed view. Instead, in *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1259 (11th Cir. 2014), the court stated that the alleged conduct in that case violated both §§ 1692e **and** 1692f. Despite Midland's rather perplexing protestations to the contrary,[1] this statement shows that the same conduct can simultaneously violate § 1692f and another FDCPA provision. This court will follow *Crawford* and reject the view of the cited district courts. Therefore, the court ACCEPTS the recommendation of the magistrate judge that Midland's motion to dismiss be denied as to count nine.

**D. Count Ten – Violation of 15 U.S.C. § 1692f(1)**

Title 15, section § 1692f states that a debt collector may not "collec[t] any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Midland objects to the magistrate judge's recommendation to deny the motion as to this count. Midland argues that the focus of this statutory provision is on the amount of the debt sought to be collected, not the validity of the debt as a whole. According to Midland, because Dial challenges the validity of the entire debt and not the amount sought, she has not stated a claim under § 1692f(1).

---

[1]The court fails to understand how the Eleventh Circuit's statement that conduct violates both §§ 1692e and 1692f actually shows that the court was speaking of the two statutes disjunctively.

Midland, however, makes this argument for the first time in its objection to the report and recommendation. Because neither Dial nor the magistrate judge had an opportunity to consider or respond to this argument, this court, in its discretion, will not consider it. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."). "'[I]t would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and — having received an unfavorable recommendation — shift gears before the district judge.'" *Id.* (quoting *Paterson-Leach Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988)). "'Systemic efficiencies would be frustrated and the magistrate judge's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round.'" *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)). Accordingly, this court ACCEPTS the recommendation of the magistrate judge that Midland's motion to dismiss be denied as to count ten.

**E. Count Fourteen - Invasion of Privacy**

Dial also asserts a claim under Alabama law for invasion of privacy, premised on two forms of conduct: (1) Midland's filing of the state-court suit; and (2) Midland's false credit reporting.

Midland argues that neither of these actions constitutes a basis for Dial's invasion of privacy claim. First, Midland asserts that its statements in the state-court suit are protected by Alabama's litigation privilege. Under Alabama law, pertinent statements made in a judicial proceeding are absolutely privileged and cannot give rise to liability, either civil or criminal. *O'Barr v. Feist*, 296 So. 2d 152 (Ala. 1974). The privilege protects even "'slanderous statements made by parties, counsel, or witnesses in the course of judicial proceedings, and . . . libelous charges in pleadings, affidavits, or other papers used in the course of the prosecution or defense of an action.'" *Id.* at 157 (quoting *Moore v. Mfr. Nat'l Bank*, 25 N.E. 1048, 1049 (N.Y. 1890)). "'However malicious the intent, or however false the charge may have been, the law, from considerations of public policy, and to secure the unembarrassed and efficient administration of justice, denies to the defamed party any remedy through an action for libel or slander.'" *Id*. The privilege applies to claims of invasion of privacy. *Drees v. Turner*, 45 So. 3d 350, 358 (Ala. Civ. App. 2010).

Dial argues that the litigation privilege does not bar her claim because the privilege applies only to statements made during litigation, not "to actions undertaken by parties in the course of litigation." *Matherly v. Wells Fargo Bank, N.A.*, No. 1:13-cv-852-WHA, 2014 WL 345397, *3 (M.D. Ala. Jan. 30, 2014). In *Matherly*, the plaintiff's bank turned over financial documents concerning the

plaintiff, its customer, as required by a subpoena in a divorce proceeding. A week later, the bank turned over additional documents to the plaintiff's wife that were well outside the scope of the subpoena. *Id.* at *1. In a suit against the wife, the court refused to consider the wife's attempts to procure the second set of documents as privileged because the attempts constituted action, not statements, occurring during the litigation. *Id.* at *3.

Dial, relying on *Matherly*, argues that while the statements in the complaint may be privileged, the act of filing an improper lawsuit is not. This court will not accept Dial's characterization; while Dial labels Midland's actions as conduct and not statements, Midland's filing of the lawsuit is only actionable because of the statements in the complaint, which *O'Barr* explicitly protects, *see O'Barr*, 296 So. 2d at 157 (protecting "libelous pleadings"). Allowing Dial to assert a claim based on the conduct of filing an unlawful complaint — which must be determined by looking to the statements contained in the complaint — would effectively vitiate the privilege. This court consequently finds that Dial's allegations concerning Midland's filing of the state-court suit are protected by the litigation privilege and cannot support her invasion of privacy claim.

Midland also argues that Dial's claim, as it relates to Midland's credit reporting, is preempted by the Fair Credit Reporting Act. The FCRA contains two potentially applicable

preemption provisions, 15 U.S.C. §§ 1681h(e) and 1681t(b)(1)(F).
Section 1681h(e) provides:

> Except as provided in sections 1681n and 1681o of this
> title, no consumer may bring any action or proceeding in
> the nature of defamation, invasion of privacy, or
> negligence with respect to the reporting of information
> against any consumer reporting agency, any user of
> information, or any person who furnishes information to
> a consumer reporting agency, based on information
> disclosed pursuant to section 1681g, 1681h, or 1681m of
> this title, or based on information disclosed by a user
> of a consumer report to or for a consumer against whom
> the user has taken adverse action, based in whole or in
> part on the report except as to false information
> furnished with malice or willful intent to injure such
> consumer.

Section 1681t(b)(1)(F) provides: "No requirement or
prohibition may be imposed under the laws of any State with respect
to any subject matter regulated under section 1681s-2 of this
title, relating to the responsibilities of persons who furnish
information to consumer reporting agencies . . . ." Section 1681s-
2, in turn, describes duties and responsibilities of those who
provide information to consumer credit reporting agencies.

When dealing with a furnisher of credit information like
Midland, these two preemption provisions are difficult to reconcile
— they both appear to apply, but § 1681t(b)(1)(F) is an absolute
bar to state causes of action, while § 1681h(e) only bars claims
unless the information was "furnished with malice or willful intent
to injure such consumer." Because Dial has alleged that Midland
acted with the requisite malice, this court must determine which
preemption provision applies.

14

Judicial attempts to apply these provisions have spawned a number of different approaches, even among judges of this court:

Four judges, including the magistrate judge in this action, have found that § 1681h(e) applies and permits claims based upon malice against furnishers of credit information. *Morgan v. Midland Funding,* LLC, No. 2:12-cv-3846-RDP, *3 (N.D. Ala. Jan. 4, 2013); *Wood v. Midland Funding, LLC*, No. 2:12-cv-2703-KOB, 2013 WL 360146, *4 (N.D. Ala. Jan. 29, 2013); *Gamble v. Midland Funding, LLC*, No. 2:12-cv-4186-AKK, 2013 WL 979202, *2 (N.D. Ala. Mar. 7, 2013); *Dial v. Midland Funding, LLC*, No. 2:14-cv-663-TMP, *20 (N.D. Ala. Jan. 15, 2015) (Doc. 26).

Three judges have found that § 1681t(b)(1)(F) applies and bars all related state law claims against furnishers. *Barnett v. JP Morgan Chase Bank, N.A.*, No. 1:12-cv-1745-VEH, 2013 WL 3242739, *13 (N.D. Ala. June 26, 2013); *Williams v. Student Loan Guar. Found. of Ark.*, No. 5:12-cv-2940-JHE, 2015 WL 241428, *13 (N.D. Ala. Jan. 20, 2015) (Haikala, J., adopting report and recommendation of England, Mag. J.).

Two judges have found that § 1681h(e) applies to state torts, while § 1681t(b)(1)(F) applies to statutory causes of action. *McCloud v. Homeside Lending*, 309 F. Supp. 2d 1335, 1341-42 (N.D. Ala. 2004) (Smith, J.); *Champion v. Global Credit Card Serv., LLC*, No. 2:12-cv-1966-IPJ, 2012 WL 3542225, *6 (N.D. Ala. Aug. 15, 2012).

One judge has found that § 1681h(e), by its language, does not cover furnishers, while § 1681t(b)(1)(F) does, so state law claims are preempted. *Schlueter v. BellSouth Telecommunications*, 770 F. Supp. 2d 1204, 1211 (2010) (Blackburn, J.).

One judge has applied § 1681h(e) to actions taken before furnishers are notified by a consumer reporting agency of a dispute; § 1681t(b)(1)(F) applies after the dispute. *Woltersdorf v. Pentagon Fed. Credit Union*, 320 F. Supp. 2d 1222, 1224 (N.D. Ala. 2004) (Hancock, J.).

The undersigned has not had opportunity to weigh in on this issue but is in agreement with Judge Blackburn's opinion in *Schlueter*. Section 1681h(e) applies to claims for invasion of privacy brought against furnishers of credit information like Midland, but it only applies as to "information disclosed pursuant to section 1681g, 1681h, or 1681m" or to "information disclosed by a user of a consumer report." As Judge Blackburn noted, "[t]he three sections covered by § 1681h(e) — 1681g, 1681h, and 1681m — regulate disclosures **to consumers** and duties of **users** of information. These sections do not concern a **furnisher's** duties of reporting and investigation." *Schlueter*, 770 F. Supp. 2d at 1209. Dial only alleges that Midland furnished the information to consumer reporting agencies; she does not allege that Midland disclosed the information to consumers or otherwise used it. Therefore, § 1681h(e), by its language, does not apply to Midland.

16

By contrast, § 1681t(b)(1)(F) does apply. The statute preempts all state causes of action "relating to the responsibilities of persons who furnish information to consumer reporting agencies" under 15 U.S.C. § 1681s-2. That statute, entitled "Responsibilities of furnishers of information to consumer reporting agencies," directly covers the conduct for which Dial seeks to hold Midland liable — false credit reporting. *See* 15 U.S.C. § 1681s-2(a)(1)(A) (2012) ("A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."). Accordingly, § 1681t(b)(1)(F) applies and absolutely bars Dial's cause of action as it relates to Midland's credit reporting. Therefore, because no factual basis for the invasion of privacy claim remains, the court REJECTS the magistrate judge's recommendation that Midland's motion to dismiss be denied as to count fourteen. The motion will be granted, and the count will be dismissed.

**CONCLUSION**

Based on the court's de novo review of the portions of the report and recommendation to which Midland objected and the court's review for clear error of the portions to which Midland did not object, the court ADOPTS the magistrate judge's report and ACCEPTS his recommendation as to all but counts five and fourteen of Dial's amended complaint. The court REJECTS the report and recommendation

17

as to counts five and fourteen, and those counts will be dismissed.

A separate order effectuating this opinion will be entered.

DONE this 23rd day of February, 2015.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE